PER CURIAM.
Appellant is being sued by appellee in the Circuit Court of Dade County for breach of an employment contract. Appellant filed a motion in the cause to compel arbitration pursuant to Florida Arbitration Code. The motion was denied by the trial court and in its order stated:
“The above cause came on to be heard before this Court upon Defendant’s Motion to Compel Arbitration. The Court considered the pleadings, including affidavits, and further considered argument of counsel and memoranda of law submitted by respective counsel.
“Plaintiff in this cause has sued the Defendant for alleged breach of an employment contract. Defendant has moved to compel arbitration contending that the dispute between Plaintiff and Defendant is a dispute which is subject to arbitration within the terms of the contract; that is, whether Plaintiff refused to play football although physically able to do so or whether Plaintiff was physically unable to play, in which latter event, he would be entitled to be paid.
“From its examination of the pleadings, including the contract between the parties, the Constitution and By-Laws of the American Football League, correspondence between the parties, and affidavits, it appears to the Court as follows:
“1. That nowhere does the contract specifically refer to ‘arbitration’ although there are clauses which appear to provide for settlement of disputes *842 through proceedings which might approximate arbitration proceedings ;
“2. That the aforesaid provision, in effect, is contained in the following language, ‘All matters in dispute between the Player and the Club shall be referred to the Commissioner and his decision shall be accepted as final, complete, conclusive, binding and unappealable by Player and Club.’
“3. That the Commissioner is selected by representatives of the various clubs in the league;
“4. That in this instance, the Defendant Club did not submit the ‘dispute’ between Player and Club to the Commissioner but terminated the contract between Plaintiff and Defendant by a letter which has been made part of the pleadings in this cause;
“5. That aforesaid provision upon which Defendant relies, appears to be an attempt to divest the Courts of any jurisdiction whatsoever over the contract between the parties;
“6. That the dispute between the parties appears to involve not only questions of fact but a question as to the legal interpretation of the contract and the legal rights of the parties as to at least certain provisions of the contract, such as ‘This is a no cut, non release contract.’
“In accordance with the above findings, it is the opinion of this Court as follows :
“I That the dispute between Plaintiff and Defendant is not subject to arbitration under the laws of Florida:
“II That if such dispute was subject to arbitration, such provisions have been waived by Defendant; wherefore, it is,
“ORDERED AND ADJUDGED that Defendant’s Motion to Compel Arbitration, be and the same, is hereby DENIED.”
Appellant has appealed from this order denying its motion for arbitration.
We have considered the record, briefs, arguments of counsel in the light of the record and the controlling principles of law and have concluded that no reversible error has been demonstrated.
Accordingly, the order appealed is affirmed.
Affirmed.